```
IN THE UNITED STATES DISTRICT COURT FOR
    THE SOUTHERN DISTRICT OF GEORGIA
             SAVANNAH DIVISION
```

| | |
|---|---|
| NATHAN HIGHERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. CV420-058 |
| | ) |
| THE DELIVERY CONNECTION, LLC | ) |
| and CEDRIC N. SMALL, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## O R D E R

Before the Court is the parties' Joint Motion to Remand. (Doc. 17.) In their motion, the parties contend that the Court lacks subject matter jurisdiction, and requests that the Court remand this matter to the State Court of Chatham County, Georgia. (Id. at 3.) On March 25, 2020, Defendants removed the action to this Court alleging that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at ¶ 15.) After removal, however, the parties realized that Plaintiff Nathan Highers and Defendant Cedric Small are both citizens of Georgia. (Doc. 17 at 3.)

A party may remove an action from state court where it " 'originally could have been filed in federal court.' " Beckstrom v. Acuity, No. 1:17-CV-4482-MHC, 2018 WL 6262927, at *2 (N.D. Ga. Jan. 29, 2018) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)); see also 28 U.S.C. § 1441(a). " '[W]hen an action is removed from state

court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims.' " Beckstrom, 2018 WL 6262927, at *2 (quoting Univ. of S. Ala. V. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999)). "A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." Univ. of S. Ala., 168 F.3d at 411.

"Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000." Beckstrom, 2018 WL 6262927, at *2 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). "When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties . . . ." Beckstrom, 2018 WL 6262927, at *2 (citing Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007)).

In this case, the parties agree that complete diversity does not exist because Plaintiff Highers and Defendant are both citizens of Georgia. (Doc. 17 at 3.) Accordingly, the Court lacks diversity

2

jurisdiction over this action. As a result, the parties' motion (Doc. 17) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is hereby **REMANDED** to the State Court of Chatham County, Georgia for further proceedings. Following remand, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 15th day of June 2020.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA